# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NATHANIEL K. WATTY,
           Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
           Agency.

DOCKET NUMBER
NY-4324-14-0152-I-1

DATE: April 12, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Nathaniel K. Watty, Saint Albans, New York, pro se.

Kathleen J. Tulloch, Esquire, Brooklyn, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which found he was not entitled to corrective action concerning his nonselection for promotion under either the Veterans Employment Opportunities Act of 1998 (VEOA) or the Uniformed Services Employment and Reemployment Rights Act

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) and found that the Board lacks jurisdiction over his remaining claims. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, FIND that the appellant has not waived his right to a hearing, and REMAND the case to the field office for further adjudication in accordance with this Order.

## BACKGROUND

¶2　　The appellant filed an appeal alleging that the agency committed various prohibited personnel practices when he was not selected for a Supervisory Police Officer position. Initial Appeal File (IAF), Tab 1. He claimed, among other things, that the agency retaliated against him for filing previous Board appeals and an equal employment opportunity complaint, denying him a promotion based on his membership and performance of service or obligation to perform service in a uniformed service, violating his veterans' preference rights, and discriminating against him based on his race, color, sex, national origin, and disability. *Id*. at 4-9. The administrative judge issued orders on USERRA and VEOA jurisdiction, including notice of proof requirements, and ordered the appellant to file statements addressing the jurisdictional requirements of USERRA and VEOA claims. IAF, Tabs 3, 5. The administrative judge also ordered the appellant to file evidence and argument to establish a nonfrivolous allegation of jurisdiction over his nonselection claim independent of USERRA and VEOA. IAF, Tab 4.

¶3　　The appellant filed numerous pleadings addressing the jurisdictional orders. IAF, Tabs 7-22. The agency filed a motion requesting that discovery responses be stayed pending a ruling on jurisdiction. IAF, Tab 28. The administrative judge granted the agency's motion over the appellant's objections. IAF, Tabs 37, 41. The administrative judge issued an initial decision finding that the Board has jurisdiction over the VEOA claim and USERRA retaliation claim, but that the appellant waived his right to a hearing and was not entitled to corrective action

under USERRA or VEOA based on the written record. IAF, Tab 50, Initial Decision (ID) at 4-13. The administrative judge further found that the Board otherwise lacked jurisdiction over his nonselection, USERRA discrimination claim, and allegations of other prohibited personnel practices. ID at 3, 12.

¶4 The appellant has filed a petition for review arguing that the administrative judge erred by denying his hearing request, staying the agency's discovery responses, and closing the record without allowing him an opportunity to address the merits of his claims. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge erred by finding that the appellant waived his right to a hearing.

¶5 On his appeal form, the appellant indicated that he did not want a hearing. IAF, Tab 1 at 2. However, on February 25, 2014, the appellant filed a motion requesting a hearing. IAF, Tab 24. The administrative judge found that the appellant's request for a hearing was untimely and issued a decision without holding a hearing. ID at 2 n.1.

¶6 An appellant must submit any request for a hearing with the appeal or within any other time period the administrative judge sets for that purpose. 5 C.F.R. §§ 1201.24(e), 1208.13(b), 1208.23(b). Failure to timely request a hearing will result in a waiver of that right when the appellant has not shown good cause for the failure. *Robinson v. Department of the Army*, 50 M.S.P.R. 412, 417 (1991). The factors to be considered when deciding to waive the deadline for requesting a hearing include those typically considered in connection with the waiver of the deadline for filing a petition for review: the length of the delay; whether the appellant was notified of the time limit or was otherwise aware; the existence of circumstances beyond the control of the appellant that affected his ability to comply with the time limit; the degree to which negligence

by the appellant is shown to be present or absent; circumstances showing that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency that would result from waiver of the time limit. *Beaudette v. Department of the Navy*, 5 M.S.P.R. 394, 398 (1981). In addition to these factors, the administrative judge should consider whether the time remaining, as of the date the request for a hearing was filed, reasonably permits the convening of a hearing and the rendering of a decision on the appeal within 120 days from the date on which the appeal was filed. *Id.*

¶7     The appeal was filed on January 28, 2014. IAF, Tab 1. The acknowledgment order was issued on January 30, 2014, and stated that, if the appellant had not yet requested a hearing, a written request for a hearing was due 10 calendar days from the date of the order or the appellant's right to a hearing would be waived. IAF, Tab 2 at 1. The appellant alleges that he did not receive the acknowledgment order because it was not mailed to his address of record. PFR File, Tab 1 at 4. On his appeal form, the appellant identified an address in St. Albans, New York. IAF, Tab 1 at 2. The acknowledgment order was mailed to an address in Hempstead, New York. IAF, Tab 2. The appellant has identified this as his former address used in a previously filed appeal. PFR File, Tab 1 at 4. The appellant states that he called the Board and asked why he had not received an acknowledgment order in this appeal. *Id.* Nothing in the record shows that the acknowledgment order was ever sent to the appellant's correct address or that he otherwise received the acknowledgment order. The appellant's February 25, 2014 hearing request was 15 days late, according to the time limit set in the acknowledgment order.[2] IAF, Tab 2 at 1, Tab 25.

---

[2] Because 10 calendar days after the date of the acknowledgment order fell on a Sunday, the appellant's request was due no later than the next workday, which was Monday, February 10, 2014. 5 C.F.R. § 1201.23.

¶8        The misdirected mailing of the acknowledgment order weighs in favor of waiving a filing deadline. *See Birdsong v. Department of the Navy*, 75 M.S.P.R. 524, 527 (1997). Further, although the appellant's request for a hearing was late, the delay was not lengthy under the circumstances. There was sufficient time, more than 90 days, for the administrative judge to convene a hearing after the hearing request and render a decision within 120 days. The agency has not established that any prejudice would result from waiving the time limit. Based on these facts, we reverse the administrative judge's finding that the appellant waived his right to request a hearing. *See Shadrick v. Office of Personnel Management*, 89 M.S.P.R. 357, ¶ 8 (2001) (finding that service at an incorrect address constitutes good cause for failure to respond to an administrative judge in a timely manner).

<u>The appellant is entitled to a hearing on the merits of his USERRA discrimination and retaliation claims.</u>

¶9        USERRA provides, in relevant part, that a person who has performed or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment on the basis of performance of that service or obligation. 38 U.S.C. § 4311(a). To establish the Board's jurisdiction over a USERRA discrimination claim arising under 38 U.S.C. § 4311(a), the appellant must allege the following: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 8 (2009). It is well established that a claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous. *Id.*, ¶ 9.

¶10        The administrative judge found that the Board lacks jurisdiction over the appellant's claim under 38 U.S.C. § 4311(a) because the appellant failed to nonfrivolously allege that the performance of duty in a uniformed service was a substantial or motivating factor in his nonselection.  ID at 12.  The administrative judge acknowledged that the appellant alleged his past military service and obligation to perform military service was a substantial and motivating factor in the agency's decision not to interview him, but found that, because the appellant offered no facts to support his assertions and merely quoted the applicable statutory language, he had not made a nonfrivolous allegation.  *Id.*

¶11        Although the appellant's allegations are conclusory, we find that his contentions are sufficient to constitute an allegation of a USERRA violation.  *See Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 8 (2010).  Specifically, the appellant has alleged that:  he performed duty in a uniformed service of the United States; the agency was aware of his prior uniformed service; and the agency denied him a benefit of employment when it did not select him for the Supervisory Police Officer position.  *See id*; IAF, Tab 1 at 6, Tab 7 at 8-9.  Thus, the appellant's allegation that his military service was a motivating factor in the agency's decision to not interview him for the position at issue is sufficient to establish the Board's jurisdiction over his USERRA discrimination claim.  *See Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484-85 (Fed. Cir. 1998) (finding that a claim that a probationary termination was the result of military service was within the Board's jurisdiction under USERRA even without an express reference to USERRA or discrimination).

¶12        The appellant also alleges that his nonselection was in reprisal for having filed two prior Board appeals.  IAF, Tab 1 at 5.  The USERRA standard for retaliation claims set forth at 38 U.S.C. § 4311(b) provides in relevant part that an employer may not discriminate in employment against or take any adverse employment action against any person because:  (1) he has taken an action to enforce a protection afforded any person under this chapter, (2) he has testified or

otherwise made a statement in or in connection with any proceeding under this chapter, (3) he has assisted or otherwise participated in an investigation under this chapter, or (4) he has exercised a right provided for in this chapter. 38 U.S.C. § 4311(b). The administrative judge appropriately found that the Board has jurisdiction over the appellant's USERRA claim pursuant to 38 U.S.C. § 4311(b). ID at 10-11.

¶13 Because we have found that the appellant has established jurisdiction over his claims under 38 U.S.C. § 4311(a) and (b), he has a right to a hearing on the merits of his USERRA claims. *Kirkendall v. Department of the Army*, 479 F.3d 830, 844-46 (Fed. Cir. 2007); *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012). A USERRA claim within the Board's jurisdiction should not be dismissed without holding a hearing based on the lack of evidence to support the claim. *See Wilson*, 111 M.S.P.R. 54, ¶¶ 9-10. Rather, if an appellant fails to develop his contentions, his claim should be denied on the merits after providing him with the hearing he has requested and to which he is entitled. *See Kirkendall*, 479 F.3d at 846; *Swidecki*, 113 M.S.P.R. 168, ¶ 6; *Baker v. Department of Homeland Security*, 111 M.S.P.R. 277, ¶ 18 (2009). Thus, we remand this appeal to the field office for a hearing on the appellant's USERRA discrimination and retaliation claims.

The administrative judge erred by dismissing the VEOA claim for failure to state a claim without issuing a close-of-record order.

¶14 The administrative judge found that the Board has jurisdiction over the appellant's VEOA claim and further found that the appellant was not entitled to corrective action because he had not been denied the right to compete for the position at issue. ID at 6-8. Because the administrative judge found that the Board has jurisdiction under VEOA, ID at 4-6, and declined to hold a hearing, he was responsible for advising the parties that there would be no hearing, for setting a date on which the record would close, and for affording the parties the opportunity to make submissions regarding the merits of the appeal before the

date the record would close, *see Jarrard v. Department of Justice*, [113 M.S.P.R. 502](#), ¶ 11 (2010).

¶15 The administrative judge's order regarding VEOA jurisdiction states that, if the Board has jurisdiction over the appeal, he would adjudicate the merits after holding a hearing or providing the parties an opportunity to further develop the written record. IAF, Tab 3 at 7. The administrative judge did not give the parties notice that there would be no hearing and did not give the parties an opportunity to file evidence and argument before the record closed. Failing to provide notice that the record would close is particularly problematic here because the administrative judge stayed discovery responses pending a determination on jurisdiction. IAF, Tab 41; *see Jarrard*, [113 M.S.P.R. 502](#), ¶ 11.

¶16 On remand, the administrative judge must provide the parties with an opportunity to complete discovery and make submissions regarding the merits of the VEOA claim. If the parties' submissions show that there is a factual dispute material to the issue of whether the appellant is entitled to relief under VEOA, the administrative judge should include the VEOA claim in the hearing on the merits. *See Sherwood v. Department of Veterans Affairs*, [88 M.S.P.R. 208](#), ¶ 11 (2001). In the absence of such a showing, the VEOA claim may be adjudicated on the written record. *See id*.

## The Board lacks jurisdiction to consider the other claims of prohibited personnel practices and discrimination.

¶17 The appellant raised prohibited personnel practices, discrimination, and retaliation claims in his appeal. IAF, Tab 1. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, [759 F.2d 9](#), 10 (Fed. Cir. 1985). Nonselections are not directly appealable to the Board, and claims of prohibited personnel practices generally do not provide independent bases for the Board's jurisdiction. *Davis v. Department of Defense*, [105 M.S.P.R. 604](#), ¶¶ 15-17 (2007). In VEOA and USERRA appeals the Board cannot consider

claims of prohibited discrimination under 5 U.S.C. § 2302(b)(1) because neither statute grants the Board the authority to consider those claims. *Davis*, 105 M.S.P.R. 604, ¶ 16. Accordingly, in the remand initial decision, the administrative judge may incorporate his prior jurisdictional findings on the appellant's claims of prohibited personnel practices and discrimination except to the extent necessary to adjudicate his VEOA and USERRA claims. *See Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001).

## ORDER

¶18    For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.